UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GREGG J. MOREE,

    Plaintiff,

v.

STEVE WYNN, ET AL.,

    Defendant.

Civil Action No. 1:18-cv-10560-LTS
ORAL ARGUMENT REQUESTED

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
WAYNE HUIZENGA, CARLOS VIDUEIRA, AND ALEX MUXO'S
<u>MOTION TO DISMISS THE COMPLAINT FOR A CIVIL CASE</u>**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Wayne Huizenga, Carlos Vidueira, and Alex Muxo (collectively, the "Defendants") submit this Memorandum in support of their Motion to Dismiss the Complaint for a Civil Case (the "Complaint") of Plaintiff Gregg J. Moree ("Moree" or "Plaintiff") for failing to meet the pleading requirements of the Federal Rules of Civil Procedure. The Complaint first fails to satisfy Rule 8(a)(2) because it contains no factual allegations specifically referring to Defendants, and thus denies Defendants a meaningful opportunity to defend themselves. The Complaint also fails to state a claim upon which relief can be granted because its conclusory allegation that all Defendants conspired against Plaintiff is insufficient to plead any possible cause of action against the Defendants.

**SUMMARY OF ALLEGATIONS**

Plaintiff's statement of his claim can be briefly summarized. He alleges that he met with Defendants Michael Capuano and Dan Ryan at Capuano's office to discuss a boat named Honey Fritz. Complaint p. 5. He claims that he gave one or both of these Defendants information regarding how and where to contact "people in Florida" about both Honey Fritz and Defendant Steve Wynn's boat. Complaint p. 5. Plaintiff alleges that he did so with the understanding that he would be "involved in negotiations, and profits, as a finder's fee from them using this contact information to facilitate the contracts for the building of the casino." Complaint p. 5. Defendants assume that "the casino" refers to the Wynn Boston Harbor Casino in Everett, Massachusetts. Notably, Plaintiff's allegations concerning the boat and casino make no mention of Defendants Huizenga, Vidueira, or Muxo.

Plaintiff then goes on to allege that, rather than involving him in negotiations, "all of the defendants conspired to leave [him] out of any deals regarding the casino." Complaint p. 5. Plaintiff then finally alleges that all Defendants conspired to jeopardize his deal to purchase land

1

at 100 21st St. in Riviera Beach, Florida and his "involvement" in the Wynn Harbor Casino through some action taken in Florida on or before September 14, 2014. Complaint p. 5. In making these general allegation of "conspiracy," the Complaint never refers specifically to Defendants Huizenga, Vidueira, and Muxo – let alone alleges any facts that describe their alleged involvement. At best, the Complaint does nothing more than to suggest that Defendants "conspired' with Capuano, Ryan, and all other named Defendants in some unidentified way. Nothing more can be read (or reasonably inferred) from the Complaint about Defendants' alleged involvement.

## ARGUMENT

### A. Legal Standard

A complaint must be dismissed if it fails to allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also* Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[1/] A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The "fundamental purpose" of this pleading rule "is to protect a defendant's inalienable right to know in advance the nature of

---

[1/] Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement in cases where a plaintiff alleges fraud or mistake. In such cases, the complaint "must state with particularity the circumstances constituting fraud or mistake." Fed R. Civ. P. 9(b). For the reasons stated in this memorandum, it is unclear what cause of action Plaintiff alleges. But it is more than possible that Plaintiff's claims rest upon some sort of alleged fraud or misrepresentation theory, as he appears to allege that Capuano and Ryan sought information from him under false pretenses, and represented that he would somehow be involved in negotiations for the construction of the Wynn Boston Harbor Casino in exchange for that information. These types of allegations sound in fraud and would trigger the more stringent requirements of Rule 9(b).

2

the cause of action being asserted against him." *Martinez v. Petrenko*, 792 F.3d 173, 179 (1st Cir. 2015).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Indeed, a complaint must provide defendants with a "meaningful opportunity to mount a defense" by "at least set[ting] forth minimal facts as to who did what to whom, when, where, and why." *Burgess v. Ebay*, 2011 U.S. Dist. LEXIS 22934 at *2 (D. Mass. March 8, 2011) (internal citations omitted). Dismissal is warranted where, as here, the facts as alleged simply do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotation marks and alterations omitted).

### B. The Complaint fails to allege facts sufficient to put Defendants on notice of the claims against them as required by Rule 8(a)(2).

Simply put, Plaintiff's Complaint does not put Defendants on notice as to what, exactly, they are alleged to have done to cause him harm. The Complaint makes no factual allegations that would identify any conduct of Huizenga, Vidueira, and Muxo that allegedly give rise to the also-unidentified claims Plaintiff purports to bring against them. They are not named at any point in the Complaint, and there is no allegation that they engaged in any specific objectionable misconduct. There is no information regarding their connection to Plaintiff, Capuano, Ryan, Wynn, the Wynn Harbor Casino, Plaintiff's land deal in Florida, or any contractual relationship – existing or expected – involving Plaintiff. "In the absence of any meaningful allegations of some misconduct, these Defendants lack notice of the claims against them, and it is impossible for them to provide a meaningful response to the complaint." *Peckham v. Bd. of Selectmen*, 2017 U.S. Dist. LEXIS 173450 at *10 (D. Mass. March 21, 2017).

At best, the Complaint alleges that Huizenga, Vidueira, and Muxo, along with all other defendants, "conspired to leave [Plaintiff] out of any deals regarding the casino" and "conspired to jeopardize" his land deal in Florida. Complaint p. 5. As an initial matter, the assertion that Defendants "conspired" is a conclusory assertion of law, and does not satisfy the requirement that Plaintiff make sufficient *factual* allegations. *See Iqbal,* 556 U.S. at 678 ("naked assertion" devoid of "further factual enhancement" does not suffice as well-pleaded factual allegation); *Twombly*, 550 U.S. at 555 (factual allegations that consist merely of "labels and conclusions" are not credited as sufficient factual pleadings).

Further, even to the extent that the Court concludes that this allegation constitutes a factual allegation of misconduct on the part of the Defendants, it is still insufficient to provide them with notice. Rule 8(a) "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Standard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011). Here, the statement of claim does not make clear the nature of Plaintiff's alleged expectation of inclusion in contracts related to the casino or his land deal in Florida, or how, when, and with whom Defendants conspired against those expectations. Where a complaint provides factual allegations that are so "meager, vague, or conclusory" that an entitlement to relief lies in "the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010).

The Complaint's lack of factual detail substantially impairs Defendants' ability to defend themselves. Beyond the fact that the Complaint leaves completely unclear what they are alleged to have done, the lack of detail in the Complaint impairs Defendants' ability to understand what state's law (Florida or Massachusetts) applies to the claims brought against them, and what statute of limitations may apply. The latter point is of particular significance given that

Plaintiff's allegations relate to conduct that allegedly occurred over six years ago and over three and a half years ago suggesting that at least some – if not all – of his alleged claims may very well be stale.

### C. The Complaint does not state a valid cause of action.

Even if the Court were to determine the factual allegations in the Complaint are sufficient to give notice to Defendants as required by Rule 8(a)(2), the Complaint still fails to state a cognizable claim for relief. As noted, the Complaint does not assert any specific cause of action. Instead, it merely states that Defendants "conspired" to interfere with Plaintiff's expectation that he would be involved in negotiating contracts for the building of (presumably) the Wynn Boston Harbor Casino, and "conspired" to jeopardize his land deal for 100 21st St. in Riviera Beach, Florida.

Recognizing that the Complaint was filed pro se, Defendants assume that Plaintiff alleges that Defendants engaged in a civil conspiracy. It is worth noting that, as Defendants are not named at any point in the Complaint, there is no other claim that could reasonably be made against them. They are not alleged to have taken any action other than – arguably – "conspiring" against Plaintiff's business interests.

The United States Supreme Court, in its *Twombly* decision, made it clear that conclusory allegations of "conspiracy" are insufficient to satisfy Rule 8's pleading standards. In *Twombly*, the Court considered whether the plaintiff pled facts sufficient to state a claim of conspiracy under 15 USCS § 1. 550 U.S. at 554-55. It noted that "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made . . . [and] an allegation of parallel conduct and a bare assertion of conspiracy will not suffice." *Id*. at 556. The Court concluded that the plaintiffs' complaint was thus insufficient, because it only alleged

parallel decisions on the part of defendants to resist competition, and no facts evidencing an actual agreement to do so. *Id*. at 565-66. The same is true here. The entirety of Plaintiff's factual allegations regarding Defendants is the bare assertion that they "conspired" to sabotage undefined contracts for property in Florida and construction of the Wynn Boston Harbor Casino. *Twombly* makes clear that more is required.

In addition, the First Circuit has made it clear that the act of "conspiring," standing alone, is not a wrongful act. *See Slotnick v. Garfinkle*, 632 F.2d 163, 165-66 (1st Cir. 1980) (dismissing Section 1985 claim of conspiracy because complaint "neither elaborates nor substantiates its bald claims that certain defendants 'conspired' with one another"). While "pro se complaints are to be read generously, allegations of conspiracy must nevertheless be supported by material facts, not merely conclusory statements." *Id*. at 165. Even under the most generous reading, Plaintiff has, at best, made a completely unsupported allegation that Defendants "conspired" against him, which is not enough to state a claim.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court dismiss the Complaint as against them.

| Dated: May 1, 2018 | Respectfully submitted, |
|---|---|
| | WAYNE HUIZENGA, CARLOS VIDUEIRA, AND ALEX MUXO |
| | By their attorneys, |
| | /s/ Breton-Leone-Quick<br>Breton Leone-Quick (BBO#655571)<br>John F. Nucci (BBO#685087)<br>MINTZ, LEVIN, COHN, FERRIS,<br> GLOVSKY AND POPEO, PC<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 542-6000<br>Fax: (617) 542-2241<br>bleone-quick@mintz.com<br>jfnucci@mintz.com |

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of electronic filing.

/s/ Breton Leone-Quick
Breton Leone-Quick